STATE OF MINNESOTA ex rel. PRINCE INVESTMENT COMPANY v. C. E. WELD, County Auditor.[1]

November 11, 1896.

Nos. 10,405—(70).

### Taxes—Certificate of Payment—Indorsement on Deed.

Where a deed is executed purporting to convey the title to or affecting an interest, legal or equitable, in several parcels of real property, and the taxes are paid upon one parcel, but are delinquent and unpaid upon the other parcels, mandamus will not lie to compel the county auditor to indorse upon such deed, over his official signature, the words, "Taxes paid and transfer entered."

Appeal by relator from an order of the district court for Murray county, P. E. Brown, J., denying a peremptory writ of mandamus. Affirmed.

[1] Reported in 68 N. W. 1068.

*John E. Stryker*, for appellant.
*H. C. Grass*, for respondent.

BUCK, J. The relator applied to the district court of Murray county for a writ of mandamus to compel the respondent, Weld, as county auditor of said county, to indorse upon a quitclaim deed, which it presented for such purpose, the words, "Taxes paid and transfer entered." The deed described a quarter section of land upon which the taxes had been paid, and it purported to convey certain interests in other lands in the following language, viz.:

"All the claim, right, title, and interest both in possession and expectancy of the parties of the first and second parts in and to the lots, lands, parks, streets, and alleys of the following named villages situate in the state of Minnesota, to wit: * * * Avoca and Hadley, both in the county of Murray; * * * according to the several plats of the villages aforesaid, on file and of record in the respective offices of the registers of deeds in and for the counties in which said villages are situate."

Upon a large portion of these lots there were delinquent taxes due and unpaid at the time said deed was presented to the auditor for indorsement, and for that reason he refused to note on said deed, over his official signature, the words, "Taxes paid and transfer entered," although he then offered to make the indorsement if the relator would pay such taxes, which it refused to do.

It is contended by the appellant that at the time of the making of the deed by the grantors they owned no other property in Murray county than the quarter section described in the deed, and upon which the taxes had been paid. Conceding this to be so, it is quite evident that the language used in the deed in reference to the other premises was there inserted for a purpose, and that purpose was to affect some interest in the real estate described. Any instrument by which the title to real estate may be affected in law or equity, except wills, leases for a term not exceeding three years, and executory contracts for the sale or purchase of lands, is by G. S. 1894, § 4185, defined to be a conveyance. G. S. 1894, § 1624, provides as follows:

"When any deeds, plat of any town site, or instrument affecting the same, or any other conveyance of real estate, is presented to the county auditor for transfer, he shall ascertain from the books and records in his office if there be delinquent taxes due upon the land described therein, or if it has been sold for taxes; and if there are delinquent

taxes due, he shall certify to the same; and upon the payment of such delinquent or other taxes that may be in the hands of the county treasurer for collection, he shall transfer the same, and note upon every deed of real property so transferred, over his official signature, 'Taxes paid and transfer entered;' or if the land described has been sold or assigned to an actual purchaser for taxes, 'Paid by sale of land described within;' and unless such statement is made upon such deed or other instrument, the register of deeds shall refuse to receive or record the same . * * *."

This instrument, therefore, purporting to be a conveyance of certain interests in real estate, comes within the meaning of the language used in this provision of the statute. It is not only a deed conveying the title in fee, or absolute ownership, of the premises, but also an instrument affecting the same that comes within its terms. And when such instrument is presented, describing certain premises affected by such conveyance upon which there are delinquent taxes due and unpaid, it is the right and duty of the county auditor to refuse to make an indorsement, upon such instrument, that the taxes are paid. This is so, as to the duty of the auditor, whether the parties, or either of them, at the time of presenting the instrument, are the owners of the premises, or then hold any interest affecting the same. Hence two things are affected and governed by the provisions of the statute, viz.: the contents of the instrument and the payment or nonpayment of the taxes upon the premises affected by the conveyance. Parties cannot avoid the payment of taxes by asserting, upon the presentation of the instrument for certification of taxes paid and transfer entered, that the parties therein named are not the owners of the premises and have no interests of any kind therein. If this were otherwise, parties might completely nullify the statute by conveying the premises or their interest therein, and then demand a certification of taxes paid, upon the ground that none of the parties to the conveyance or instrument owned or ever had any interest in such premises.

The primary rules, then, upon which the auditor must act, are: First. Is the instrument one conveying real estate, or one affecting the same? Second. Are there delinquent taxes due upon the premises? If these facts appear affirmatively, his duty is clear to refuse to note upon such deed or instrument over his official signature that the taxes have been paid. This doctrine applies to all the description or par-

cels in the deed or instrument, and not to any particular part or separate parcel. The notation on the deed or instrument must be to all the description therein as a whole, and not to any particular portion, where the delinquent unpaid tax is upon all of such premises, whether taxed separately or as an entirety.

The auditor must act promptly in such matters, and ascertain, from the face and contents of the deed or instrument and from the books and records of his office, if there be delinquent taxes upon the land described therein, and make or refuse his notation accordingly. While the auditor is not a court to finally adjudicate upon the ownership or interests affecting real property described in a deed or instrument so presented to him, yet he must act upon the apparent right or interest therein appearing, and, having done this, he has presumptively performed his duty. We do not hold that, if the auditor should err in refusing to make notation in a proper case, the party would be without remedy. Here there was no error.

The object of the statute is to enforce payment of taxes before the transfer of land or interests affecting the same from one party to another can be recorded. Those who are protected by and receive benefits from our governmental institutions should promptly pay their taxes, and this statutory method of forbidding registration of instruments transferring lands or interests affecting the same proves to be a very efficient means of collecting such taxes. We do not wish to be understood as applying this rule to mortgage liens or other mere liens upon property.

We, therefore, hold that, under the facts appearing in this case, the auditor was not authorized to certify upon the deed that the delinquent taxes were paid, and transfer entered, and mandamus would not lie to compel him to do so.

Order affirmed.